**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

DONALD W. H.,[1]

      **Plaintiff,**

      **v.**

COMMISSIONER OF SOCIAL
SECURITY,

      **Defendant.**

          **Civil Action 2:22-cv-2478**
          **Magistrate Judge Chelsey M. Vascura**
          **Judge Algenon L. Marbley**

**REPORT AND RECOMMENDATION**

Plaintiff, Donald W. H., ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits and Supplemental Security Income. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 13), Plaintiff's Reply (ECF No. 14), and the administrative record (ECF No. 6). For the reasons that follow, it is **RECOMMENDED** that the Commissioner's non-disability determination be **REVERSED,** and that this matter be **REMANDED** to the Commissioner and the ALJ pursuant to Sentence Four of § 405(g).

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

## I.     BACKGROUND

Plaintiff filed his applications in December 2019, alleging that he had been disabled since April 1, 2016. After her applications were denied administratively, a hearing was held on April 1, 2021, before Administrative Law Judge Noceeba Southern ("the ALJ"), who issued a decision on April 14, 2021, which partially awarded benefits to Plaintiff beginning on June 28, 2020. That determination became final when the Appeals Council denied Plaintiff's request for review.

Plaintiff seeks judicial review of that final determination and submits that remand is warranted for several reasons. The undersigned finds that Plaintiff's first contention of error—that the ALJ failed to properly account for the limitations opined by the state agency reviewing physicians—has merit. Because this error warrants remand, the undersigned does not reach Plaintiff's alternative contentions of error.

## II.     THE ALJ'S DECISION

The ALJ issued her decision on April 14, 2021, finding that Plaintiff was not disabled prior to June 28, 2020, but became disabled on that date. (R. 115–39.) At step one of the

sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantial

gainful activity since the alleged onset date. At step two, the ALJ found that Plaintiff had the

following severe impairments: degenerative disc and joint disease of the spine, status post-

surgical intervention and subsequent post-laminectomy syndrome, asthma, obesity, osteoarthritis

of the left elbow, obstructive sleep apnea, a depressive disorder, and a generalized anxiety

disorder. At step three, the ALJ found that Plaintiff did not have an impairment or combination

of impairments that met or medically equaled the severity of one of the listed impairments

described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then set forth Plaintiff's physical residual functional capacity ("RFC") prior to

June 28, 2020, the date he was adjudicated disabled, as follows:

> After careful consideration of the entire record, the [ALJ] finds that prior to June
> 28, 2020, the date the claimant became disabled, the claimant had the residual

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step
sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive
finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th
Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the
criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20
C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his
or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual
functional capacity, can the claimant perform other work available in the national
economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir.
2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently. He could sit for 6 hours during an 8-hour workday and could stand/walk 4 hours total during an 8-hour workday. The claimant could frequency [sic] reach overhead. He could have frequent exposure to extreme temperatures, humidity, atmospheric conditions, and pulmonary irritants. The claimant could occasionally stoop, kneel, crouch, and crawl. He could occasionally climb ramps and stairs, but would be precluded from climbing ladders, ropes, and scaffolds. The claimant should avoid exposure to hazards, including dangerous machinery or unprotected heights. The claimant would require a cane for ambulation.

(R. 124.)

At step four, the ALJ relied on testimony from a vocational expert ("VE") to determine that Plaintiff could not perform his past relevant work. At step five, the ALJ relied again on VE testimony to determine that in light of Plaintiff's age, education, work experience, and RFC, prior to June 28, 2020, jobs existed in significant numbers in the national economy that he could perform including the representative occupations of printed circuit board touch up screener, gauger, and film touchup inspector. (R. 137.) The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, between the alleged onset date and June 28, 2020. The ALJ concluded that Plaintiff was under a disability within the meaning of the Social Security Act beginning on June 28, 2020.

### III.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486

F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must

"take into account whatever in the record fairly detracts from [the] weight" of the

Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to

that  finding 'even if there is substantial evidence in the record that would have supported an

opposite  conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v.

Callahan*, 109  F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the

substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA

fails to follow its own regulations and where that error prejudices a claimant on the merits or

deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746

(6th Cir. 2007).

## IV.    ANALYSIS

As set forth above, in his first contention of error, Plaintiff challenges the ALJ's

consideration of the limitations opined by the state agency reviewing physicians. Plaintiff points

out that state agency reviewing physicians Drs. Klyop and Hughes opined that Plaintiff that

could only use his left upper extremity to reach in front, laterally, and overhead at a frequent rate.

(Pl.'s Statement of Errors 8-9 (citing R. 221 (Dr. Klyop's opinion) and R. 240 (Dr. Hughes'

opinion).) Both Drs. Klyop and Hughes explicitly stated that they had reviewed and considered

the RFC assessed by the ALJ in the prior unfavorable decision issued in 2018, but that they

declined to adopt the prior RFC in light of Plaintiff's new diagnosis of osteoarthritis in his left

elbow. (R. 221, 240.) In addition, Drs. Klyop and Hughes explained that "due to [Plaintiff's] left

elbow [osteoarthritis], [he] is limited to no more than frequent reaching" with his left upper

extremity. (*Id*.) In both Drs. Klyop's and Hughes' opinions, they specifically noted that this

manipulative limitation applied both to "[r]eaching in front and/or laterally" and also "[r]eaching

overhead." (*Id*.) In addition, Dr. Klyop supported his opinion by citing treatment records relating

to Plaintiff's treatment for his left-elbow arthritis, including records reflecting that Plaintiff

underwent left-elbow injections. (R. 218.) Plaintiff asserts that remand is warranted because the

ALJ failed to explain why she did not accommodate the left-upper-extremity limitations Drs.

Klyop and Hughes opined. The undersigned agrees.

 A claimant's RFC is an assessment of "the most [a claimant] can still do despite [her]

limitations." 20 C.F.R. § 416.945(a)(1). A claimant's RFC assessment must be based on all the

relevant evidence in a his or her case file. *Id*. The governing regulations[3] describe five different

categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical

evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings.

20 C.F.R. §§ 404.1513(a)(1)-(5); 416.913(a)(1)–(5). With regard to two of these categories—

medical opinions and prior administrative findings—an ALJ is not required to "defer or give any

specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior

administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R.

§§ 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering

medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency";

---

[3] Plaintiff's application was filed after March 27, 2017. Therefore, it is governed by revised
regulations redefining how evidence is categorized and evaluated when an RFC is assessed. *See*
20 C.F.R. §§ 404.1513(a), 404.1520c, 416.913(a), 416.920c (2017).

(3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as

"evidence showing a medical source has familiarity with the other evidence in the claim or an

understanding of [the SSA's] disability programs, policies and evidentiary requirements."

§§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5). Although there are five factors, supportability and

consistency are the most important, and the ALJ must explain how they were considered.

§§ 404.1520c(b)(2); 416.920c(b)(2). And although an ALJ may discuss how he or she evaluated

the other factors, he or she is not generally required to do so. *Id*. If, however, an ALJ "find[s] that

two or more medical opinions . . . about the same issue are both equally well-supported . . . and

consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or

she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3). In

addition, when a medical source provides multiple opinions, the ALJ need not articulate how he

or she evaluated each medical opinion individually. §§ 404.1520c(b)(1); 416.920c(b)(1). Instead,

the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical

source together in a single analysis using the factors listed [above], as appropriate." *Id.*

As set forth above, Drs. Klyop and Hughes concluded that Plaintiff required left-upper-

extremity reaching limitations both for reaching in front and/or laterally and also for reaching

overhead, citing Plaintiff's diagnosis and related treatment of his left-elbow osteoarthritis, which

was condition that was diagnosed subsequent to the prior unfavorable decision in 2018.

The ALJ offered the following discussion of Drs. Klyop's and Hughes' opinions:

> The prior physical findings cited additional physical condition including
> osteoarthritis of the left arm since the time of the prior ALJ decision. As a result
> the prior physical findings note the physical conditions were not being adopted
> under Dennard. *It should be noted the prior physical findings, despite finding
> additional physical limitation, cited improvement in their assessed functional
> limits*. The prior physical findings note the claimant was capable of performing a
> reduced range of light work with postural limits and limited reaching. The
> undersigned finds that the physical findings are not consistent with the medical

7

evidence of the record. *The undersigned finds the record supports no improvement in the claimant's physical conditions since the time of the prior ALJ and in fact cited additional physical limitation including the noted left upper extremity osteoarthritis.* However, the undersigned finds the previously assessed residual functional capacity from the prior ALJ decision in 2018 was restrictive enough to account for the claimant's ongoing physical conditions and the previous postural limits on climbing as well as the limits on exposure to hazards and reaching would also account for any left upper extremity symptomology. For these reasons, the undersigned finds it was appropriate to adopt the prior physical residual functional capacity from the time of the prior ALJ decision under the principles of Drummond. Thus, the undersigned finds the prior administrative physical finding unpersuasive.

(R. 132-33) (emphasis added).

The foregoing reflects that the ALJ found Drs. Klyops' and Hughes' opinions unpersuasive because the limitations they opined were *less* restrictive than the RFC limitations the administrative law judge assessed in the unfavorable 2018 decision. The ALJ explained that the records shows "no improvement" and in fact supports additional limitations attributable to Plaintiff's left-upper-extremity osteoarthritis, which was diagnosed *after* the unfavorable 2018 decision. (R. 132.) Notwithstanding the ALJ's rejection of Drs. Klyops' and Hughes' opinions for not being restrictive enough, the ALJ, in adopting the RFC assessed in the prior, unfavorable decision, neglected to consider that Dr. Klyops and Hughes both opined that Plaintiff's left-upper-extremity osteoarthritis required a manipulative limitation that was *more* restrictive than that included in the unfavorable 2018 decision—namely, that Plaintiff be limited in reaching in front and/or laterally in addition to overhead reaching as the prior administrative law judge had found.

The undersigned agrees with Plaintiff that the ALJ's discussion is inadequate with regard to why the lateral reaching limitation Drs. Klyops and Hughes opined was omitted from the RFC. The ALJ states in a conclusory fashion that "the previously assessed [RFC] from the prior [unfavorable] ALJ decision in 2018 was restrictive enough to . . . account for any left upper

8

extremity symptomology." (R. 132.) The prior unfavorable 2018 decision, like the at-issue decision, placed limits only on Plaintiff's *overhead* reaching. Significantly, the ALJ does not explain elsewhere in her decision why Plaintiff's left-elbow osteoarthritis requires limitation on overhead reaching, but not also on reaching in front and/or laterally as Drs. Klyops and Hughes opined. The ALJ's discussion of Drs. Klyops' and Hughes' opinions is unhelpful because the ALJ rejected their opinions for not being restrictive enough. Finally, the prior unfavorable decision from 2018 upon which the ALJ relies is of no help because it predates Plaintiff's left-upper-extremity osteoarthritis diagnosis and treatment.

The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports the ALJ's decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record'") (quoting 5 U.S.C. § 557(c)(3)(A)); *Allen v. Astrue*, No. 5:11–cv–95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10–295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote v. Colvin*, No. 16–cv–57, 2017 WL 448617, at *7 (W.D. Wisc. Feb. 2, 2017) ("On remand, the ALJ must build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment.").

Accordingly, the Court finds that Plaintiff's first contention of error has merit and requires remand. The Court declines to resolve Plaintiff's alternative arguments in support of reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's alternative assignments of error if appropriate.

## V.    DISPOSITION

Due to the error outlined above, it is **RECOMMENDED** that the Commissioner's partial non-disability determination be **REVERSED,** and that this matter be **REMANDED** to the Commissioner and the ALJ pursuant to Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VI.    PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE