**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD W. HOLAND** | : | **Case No. 2-22-cv-02478** |
| | : | |
| **Plaintiff,** | : | **Judge Algenon L. Marbley** |
| | : | |
| **v.** | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act. (ECF No. 20). For the reasons set forth below, Plaintiff's Motion for Attorney Fees (ECF No. 20) is **GRANTED**.

**I. BACKGROUND**

On June 16, 2022, Plaintiff filed suit against the Commissioner of Social Security ("Commissioner") seeking a reversal of the Commissioner's determination that he was not entitled to disability benefits and an award of annual and past due benefits. (ECF No. 4) On April 26, 2023, this Court adopted the Magistrate Judge's Report and Recommendation to reverse the Commissioner's determination and remanded the matter to the Commissioner and Administrative Law Judge ("ALJ") pursuant to Sentence Four of § 406(g). (ECF No. 16). On remand, Plaintiff was awarded with $117,618.00 in past-due benefits. (ECF No. 20). Plaintiff's counsel now comes before this Court seeking attorney fees in the amount of $14,000.00 for the 27.95 hours of work representing Plaintiff in this Court. Plaintiff's counsel seeks to refund the EAJA fee amount of $5,675.00 to Plaintiff directly, upon payment of the § 406(b) fees. (ECF No. 20).

## II. STANDARD OF REVIEW

In cases in which a Plaintiff is represented in federal court and receives a favorable judgement, the court may award a reasonable fee for an attorney's representation. 42 U.S.C. § 406(b). If awarded, the attorney fees are to be paid out of a plaintiff's past-due benefits. 42 U.S.C. § 406(b). Federal courts review such requests for attorney fees under § 406(b) for reasonableness, acting as an independent check and seeking to ensure reasonable results. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). This review should evaluate the character of the representation and the results the representative achieved. *Id*. at 808. Although § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court, Congress has rendered unenforceable agreements which provide for fees in excess of 25 percent of the past-due benefits. *Id*. at 807.

In the Sixth Circuit, an attorney who represents the claimant before the Commissioner and in court may separately receive fees for both representations, meaning the attorney may receive total fees exceeding twenty-five percent of the claimaint's benefits award. *Booth v. Commissioner of Social Sec.*, 645 Fed.Appx 455, 457 (6th Cir. 2016) (citing *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262-63 (6th Cir. 1994)). The Sixth Circuit has additionally limited instances in which courts may reduce fees to only two circumstances: "(1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). As such, 25% contingency fee contracts "should be given the weight ordinarily accorded a rebuttable presumption." *Id*. at 746.

2

### III. LAW AND ANALYSIS

Section 406(b) of the Social Security Act requires federal courts to determine and award a reasonable fee, not to exceed 25 percentage of the total past-due benefits to which a claimant is entitled. 42 U.S.C. § 406(b)(1)(A). Courts have an "affirmative obligation" to determine whether a fee award is reasonable, even if fees are unopposed and based on a standard contingency fee agreement within the statutory cap. *Ringel v. Comm'r of Soc. Sec'y*, 295 F. Supp. 3d 816, 822 (S.D. Ohio 2018). Fees under § 406(b), unlike EAJA awards, are paid "directly out of, and therefore directly reduces, the amount of past-due benefits paid to the disabled claimant." *Id*. The Sixth Circuit has instructed that the federal judiciary must ensure that the "fees charged are reasonable and do not unduly erode the claimant's benefits." *Royzer v. Sec'y of Health & Human Servs.*, 900 F.3d 981, 982 (6th Cir. 1990).

In *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418 (6th Cir. 1991), the Sixth Circuit held that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." 923 F.2d at 422. The calculation of this rate is often referred to as the *Hayes* floor. Courts may then consider a variety of factors to determine whether a fee exceeding the *Hayes* floor is still reasonable, including:

> (1) the number of years that past benefits have accrued and whether extraordinary delay has resulted in an inordinately large past-due benefits award (without regard to any fault of counsel); (2) the quality and quantity of hours, including the typicality of claims, the efficiency of the attorney performing those hours, and any non-compensable work; (3) the extent to which counsel has compromised the fee; and (4) whether the motion is opposed by the Commissioner, and/or any other factors that provide a reasoned basis for the exercise of discretion.

*Ringel*, 295 F. Supp. 3d at 842. The *Ringel* decision advocated the use of the EAJA fee rate of $125.00 as the standard rate where counsel does not submit evidence of their normal billing rate

for comparable, non-contingent work. *Id*. at 829–31. Other courts have rejected this approach as it does not account for the skill and experience of the attorney, such that it would "likely discourage experienced attorneys from representing social security claimants." *See Lee v. Comm'r of Soc. Sec'y Admin*, 2018 WL 2999909, at *4 (S.D. Ohio June 15, 2018). The *Lee* court considered hourly billing rates for attorneys in social security cases and the experience of counsel in finding a fee award of $675.00 per hour to be appropriate. *Id*. A court should reduce fees in situations where counsel "would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expanded." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).

The Ohio State Bar Association's 2024 attorney hourly billing rates report demonstrates that the median hourly rate for attorneys specializing in Administrative Law is $350.00. *2024 Economics of Law Practice Study*, The Ohio State Bar Association (2025). In the Columbus region, the median hourly rate for private practitioners is $300.00. *Id*. As such, the floor in the present case, determined by doubling the standard rate of the hourly average, would be $600.00 for a private practitioner located in the Columbus region, and $700.00 per hour for an Administrative Law case adjudicated in Ohio.

This Court must consider whether the award of $14,000.00 in attorney fees is reasonable and ensure that it does not constitute a windfall. In April 2023, Plaintiff received an award of past due benefits in the amount of $117,618.00 for benefits dating back to October 2018. (ECF No. 20-1 at 5; ECF No. 20-2). Counsel is moving for an award based on benefits awarded through the month before the ALJ's decision, or $99,824.00. (ECF No. 20 at 2). Plaintiff entered into a contingency fee arrangement with her counsel to pay counsel 25 percent of past due benefits if he received a favorable outcome. (ECF No. 20 at 2; ECF No. 20-3). Counsel now seeks approximately

4

14 percent[1] of the benefits awarded, while the fee agreement and statutory cap would allow counsel to seek up to 25 percent of this amount, provided the Court were to find amount reasonable. Plaintiff's counsel contends that this award is reasonable when taking into account his qualifications, prior experience, the considerable risk taken in representing Plaintiff, and the challenging nature of the case. (ECF No. 20).

Plaintiff's counsel achieved a successful outcome for Plaintiff, in the form of an ALJ determination in his favor and award of approximately 5 years in back due benefits. Under *Hayes*, an hourly rate that is less than twice the standard rate is *per se* reasonable. Plaintiff's counsel performed 27.95 hours of work for which he is seeking $14,000.00 in fees, which results in an hourly rate of $500.00. He represents that his typical hourly rate in similar, non-contingent matters is $400.00. (ECF No. 20). Under *Hayes*, an hourly rate below $700.00 would be *per se* reasonable. Counsel is thus seeking an award of attorney fees below the *Hayes* floor, which is presumptively reasonable under Sixth Circuit law.

The hourly rate requested by Plaintiff's counsel is reasonable in light of Plaintiff counsel's favorable results, the skill and experience of counsel, and his effort in the present case. *See, e.g., Lery v. Commissioner of Social Security*, 2019 WL 1856278, at *1 (S.D. Ohio Apr. 25, 2019) (approving the hypothetical hourly rate of $530.22); *Bush v. Commissioner of Social Security* 2019 WL 1300311, at *2 (S.D. Ohio Mar. 21, 2019) (approving hourly rate of $599.00); *Barrett v. Commissioner of Social Security*, 2018 WL 4846263, at *2 (S.D. Ohio Oct. 5, 2018) (approving hourly rate of $656.20). Additionally, this Motion is not contested by the Commissioner (ECF No. 21). Therefore, this Court is persuaded that the requested award for attorney fees totaling

---

[1] This calculation is performed by the Court as Plaintiff's Counsel states, "is less than 25%," but provides no specific percentage. (ECF No. 20 at 8).

$14,000.00 for 27.95 hours at $500 per hour satisfies the requirements of 42 U.S.C. § 406(b) and is a reasonable reward in the present case.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees (ECF No. 20) is **GRANTED**. Plaintiff's attorney will receive $14,000.00 for past-due benefits as compensation for his services related to the proceedings in this Court and will refund the EAJA fee amount of $5,675.00 to Plaintiff.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  April 27, 2026**

6